Richard J. Reynolds (SBN 89911)
E-mail: rreynolds@bwslaw.com
Fabio R. Cabezas (SBN 131998)
E-mail: fcabezas@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Tel: 949.863.3363     Fax: 949.863.3350

Attorneys for Defendant
MTC FINANCIAL INC. dba TRUSTEE CORPS
(erroneously sued as MTC FINANCIAL INC., dba
TRUSTEE CORP)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XOCHITL VIVANCO DUENAS, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC; MTC FINANCIAL INC., dba TRUSTEE CORP and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.  1:14-cv-00406-AWI-JLT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MTC FINANCIAL INC. DBA TRUSTEE CORPS' MOTION TO DISMISS COMPLAINT AND CLAIMS MADE AGAINST DEFENDANT  MTC FINANCIAL INC. dba TRUSTEE CORPS**<br><br>Date:        May 5, 2014<br>Time:        1:30 p.m.<br>Judge:       Hon. Anthony W. Ishii<br>Courtroom: 2, 8th Floor<br>Location:    2500 Tulare Street, 8th Floor<br>                  Fresno, CA  93721<br><br>Complaint Filed:  January 8, 2013<br>Trial Date:  Not Assigned |

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4840-5394-5626 v1

MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.    BACKGROUND ......................................................................................... 2

III.    STANDARDS APPLICABLE TO MOTIONS TO DISMISS ........................ 3

    A.    Pleading Requirements In General .................................................. 3

    B.    Construction of Exhibits Referred to in the Complaint or Attached to a Rule 12(b)(6) Motion ................................................. 4

IV.    TRUSTEE CORPS' CONDUCT WAS PRIVILEGED UNDER CALIFORNIA CIVIL CODE §47 AND CIVIL CODE §2924(D); THEREFORE, TRUSTEE CORPS' MOTION TO DISMISS SHOULD BE GRANTED WITHOUT LEAVE TO AMEND ................................................................................................ 4

V.    TRUSTEE CORPS OWES NO DUTIES TO PLAINTIFF, OTHER THAN THOSE SPECIFICALLY STATED IN THE DEED OF TRUST AND APPLICABLE STATUTES ............................................................................ 6

VI.    PLAINTIFF HAS FAILED TO MAKE A VALID OFFER OF TENDER; THEREFORE, SHE CANNOT CHALLENGE A WRONGFUL FORECLOSURE CLAIM OR A CLAIM IMPLICITLY INTEGRATED TO THE SALE ............ 7

VII.    THE PRESUMPTION IS THAT THE SALE WAS CONDUCTED PROPERLY .......... 8

VIII.    PLAINTIFF'S FIRST CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING FAILS ................................................ 8

IX.    THE THIRD CLAIM FOR PROMISSORY ESTOPPEL FAILS AGAINST TRUSTEE CORPS ...................................................................................... 11

X.    THE FOURTH CLAIM FOR VIOLATIONS OF CIVIL CODE SECTION 2937 FAILS AGAINST TRUSTEE CORPS ............................................................. 11

XI.    THE FIFTH CLAIM FOR VIOLATION OF CIV. CODE§ §2923.6 AND 2923.7 FAILS AGAINST TRUSTEE CORPS ............................................................. 11

    A.    No Claim Is Stated Under Civ. Code §2923.6 ................................. 11

    B.    No Claim Is Stated Under Civ. Code §2923.7 ................................. 15

XII.    PLAINTIFFS' SIXTH CLAIM FOR NEGLIGENCE AGAINST TRUSTEE CORPS FAILS .......................................................................................... 15

XIII.    PLAINTIFF'S SEVENTH CLAIM FOR UNFAIR BUSINESS PRACTICES AGAINST TRUSTEE CORPS FAILS ............................................................. 16

    A.    Trustee Corps' Actions are Privileged, and Plaintiff Can Neither Attempt to Subvert this Privilege by Making a Claim under California Business and Professions Code §17200, Nor Any Claim For Damages or Restitution Style Relief .................................................................................... 16

    B.    Plaintiff Has Not Sufficiently Pleaded a Claim Under Business & Professions Code §17200 .............................................................. 17

    C.    Business and Professions Code §17200 Is Preempted by Federal Law As To TRUSTEE CORPS ............................................................... 17

**TABLE OF CONTENTS**
(continued)

                                                                                    Page

XIV.  PLAINTIFF'S EIGHTH CLAIM TO SET ASIDE TRUSTEE'S SALE AND
      NINTH CLAIM FOR TO CANCEL TRUSTEE'S DEED FAIL AGAINST
      TRUSTEE CORPS ............................................................................... 18

XV.   PLAINTIFFS' TENTH CLAIM FOR QUIET TITLE AGAINST TRUSTEE
      CORPS FAILS ..................................................................................... 19

XVI.  NEITHER LAW NOR FACTS SUPPORT ALLEGATIONS AND PRAYER FOR
      ATTORNEYS' FEES AGAINST TRUSTEE CORPS ..................................... 19

XVII. CONCLUSION .................................................................................... 20

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- ii -

MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

# TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

Ahmad v. Wells Fargo Bank, N.A.,
   2011 WL 1260054 (E.D.Cal.) ................................................................ 10

Albrecht v. Lund,
   845 F.2d 193 (9th Cir. 1988) ................................................................ 20

Allen v. City of Beverly Hills,
   911 F.2d 367 (9th Cir. 1990) ................................................................ 20

Archundia v. Chase Home Finance LLC,
   2009 WL 1796295 (S.D.Cal.) ................................................................ 17

Ashcroft v. Iqbal,
   556 U.S. 662,129 S.Ct. 1937, 1950 (2008) ............................................ 4

Ayala v. World Saving Bank, FSB,
   616 F.Supp.2d 1007 (C.D.Cal. 2009) .................................................... 18

Bell Atlantic v. Twombly,
   550 U.S. 544 (2007) ............................................................................... 3

Biggins v. Wells Fargo & Co.,
   266 F.R.D. 399 (N.D. Cal. 2009) .......................................................... 13

Cisneros v. Instant Capital Funding Group,
   263 F.R.D. 595 (E.D. Cal. 2009) ............................................................ 5

Clegg v. Cult Awareness Network,
   18 F.3d 752 (9th Cir. 1994) .................................................................... 3

DeLeon v. Wells Fargo Bank NA,
   2011 WL 311376 (N.D. Cal) ................................................................. 16

Deschaine v. IndyMac Mortg. Services,
   2013 WL 605445 (E.D.Cal.) ................................................................. 13

Emrich v. Touche Ross & Co.,
   846 F.2d 1190 (9th Cir. 1988) ................................................................ 4

Fleury v. Specialized Loan Servicing, LLC,
   2011 WL 4851141 (Bankr. E.D. Cal.) .................................................... 16

United States v. Gaubert,
   499 U.S. 315 (1991) ................................................................................ 4

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                    - iii -                    MEMORANDUM OF POINTS AND
                                                          AUTHORITIES 1:14-CV-00496-AWI-JLT

Hydrick v. Hunter,
    500 F.3d 978 (9th Cir. 2007)..................................................................................... 4

Jacobson v. Balboa Arms Drive Trust #5402,
    2011 WL 2784126 (S.D.Cal.)..................................................................................... 5

Marquez v. Wells Fargo Bank, N.A.,
    2013 WL 5141689 (N.D. Cal. 2013)........................................................................... 13

Mayer v. Mylod,
    988 F.2d 635 (6th Cir. 1993)...................................................................................... 3

Mbaba v. IndyMac Federal Bank, F.S.B.,
    2010 WL 424363 (E.D. Cal.)...................................................................................... 10

Munoz v. Financial Freedom Senior Funding Corp.,
    567 F.Supp.2d 1156 (C.D.Cal. 2008).......................................................................... 18

Ngoc Nguyen v. Wells Fargo Bank, N.A.,
    749 F.Supp.2d 1022 (N.D.Cal. 2010)......................................................................... 18

Parks School of Business, Inc. v. Symington,
    51 F.3d 1480 (9th Cir. 1995)...................................................................................... 4

Quinteros v. Aurora Loan Services,
    740 F.Supp.2d 1163 (E.D. Cal. 2010)......................................................................... 12

Razawi v. F.D.I.C.,
    2009 WL 2914120 (E.D. Cal.)..................................................................................... 19

Rockridge v. Wells Fargo, N.A.,
    2013 WL 5428722 (N.D.Cal.)...................................................................................... 14

Rodriguez v. JP Morgan Chase & Co.,
    809 F.Supp.2d 1291 (S.D.Cal. 2011).......................................................................... 5

Sanders v. Kennedy,
    794 F.2d 478 (9th Cir. 1986)...................................................................................... 3

Shwarz v. United States,
    234 F.3d 428 (9th Cir. 2000)...................................................................................... 4

Silvas v. ETrade Mortgage Corp.,
    514 F.3d 1001 (9th Cir. 2008).................................................................................... 18

Susilo v. Wells Fargo Bank, N.A.,
    796 F.Supp.2d 1177 (C.D. Cal.).................................................................................. 9

Valenzuela v. Wells Fargo Bank National Association,
    2014 WL 309438 (E.D. Cal.)...................................................................................... 5

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                - iv -                MEMORANDUM OF POINTS AND
                                                           AUTHORITIES 1:14-CV-00496-AWI-JLT

Wood v. Aegis Wholesale Corp.,
  2009 WL 1948844 (E.D. Cal. 2009) .................................................................... 19

**State Cases**

Alexander v.Codemasters Group Limited,
  104 Cal.App.4th 129 (2002)............................................................................... 9

Bank of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc.,
  180 Cal.App.4th 1090 (2009) ............................................................................. 6

Bartlett v. State of California,
  145 Cal.App.2d 50 (1956)................................................................................... 6

Berryman v. Merit Prop. Mgmt., Inc.,
  152 Cal. App. 4th 1494 (1999)........................................................................... 17

Black v. Bank of America,
  30 Cal.App.4th 1 (1995) ..................................................................................... 10

Brousseau v. Jarrett,
  73 Cal.App.3d 864 (1977)................................................................................... 17

Cell-Tech Commons, Inc. v. L.A. Cellular Tel. Co.,
  20 Cal.4th 163 (1999) ......................................................................................... 16

Diediker v. Peelle Financial Corp.,
  60 Cal.App.4th 288 (1997).................................................................................. 6

Digerati Holdings, LLC v. Young Money Entertainment, LLC,
  194 Cal.App.4th 873 (2011) ............................................................................... 8

Duly v. Westinghouse Electric Corp.,
  97 Cal.App.3d 430 (1979) .................................................................................. 19

Dunn-Edwards Corp. v. Bay Area Air Quality Management Dist.,
  9 Cal.App. 4th 644 (1992)................................................................................... 12

Ebbert v. Mercantile Trust Co.,
  213 Cal. 496 (1931) ........................................................................................... 18

Garretson v. Post,
  156 Cal.App.4th 1508 (2007).............................................................................. 5

Godfrey v. Steinpress,
  128 Cal.App.3d 154 (1982).................................................................................. 17

Hagberg v. California Federal Bank FSB,
  32 Cal.4th 350 (2004) ......................................................................................... 5

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                          - v -                    MEMORANDUM OF POINTS AND
                                                                    AUTHORITIES 1:14-CV-00496-AWI-JLT

Heritage Oaks Partners v. First American Title Ins. Co.,
   155 Cal.App.4th 339 (2007)..................................................................... 7

Hilliard v. A.H. Robbins Co.,
   148 Cal.App.3d 374 (1983) ...................................................................... 17

Kachlon v. Markowitz,
   168 Cal.App.4th 316 (2008)...................................................................... 5

Krantz v. BT Visual Images,
   89 Cal. App. 4th 164 (2001) ..................................................................... 17

Laks v. Coast Fed. Sav. & Loan Assn.,
   60 Cal.App.3d 885 (1976) ......................................................................... 11

Larsen v. Johannes,
   7 Cal.App.3d 491 (1970) .......................................................................... 18

Melendrez v. D&I Investment, Inc.,
   127 Cal.App.4th 1238 (2005) .................................................................... 8

Monterey S.P. Partnership v. W.L. Bangham, Inc.,
   49 Cal.3d 454 (1989) ............................................................................... 7

Moradi-Shalal v. Fireman's Fund Ins. Companies,
   46 Cal.3d 287 (1988) ............................................................................... 12

Pfeifer v. Countrywide Home Loans, Inc.,
   211 Cal.App.4th 1250 (2012).................................................................... 12

Pro Value Properties, Inc. v. Quality Loan Service Corp.,
   170 Cal.App.4th 579 (2009)................................................................... 6, 7

Residential Capital v. Cal–Western Reconveyance Corp.,
   108 Cal.App.4th 807 (2003)...................................................................... 9

Shimpones v. Stickney,
   219 Cal. 637 (1934) ................................................................................ 19

Silberg v. Anderson,
   50 Cal.3d 205 (1990) ............................................................................. 5, 6

Stevens v. Superior Court,
   75 Cal.App.4th 594 (1999)........................................................................ 16

Vicko Ins. Servs., Inc. v. Ohio Indemnity Co.,
   70 Cal.App. 4th 55 (1999)......................................................................... 13

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1

- vi -

MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

**Federal Statutes**

Homeowners Loan Act of 1937, 12 U.S.C. §1461 ..................................................... 13, 15, 17, 18

Home Owners Loan Act of 1933 .................................................................................................. 13


**State Statutes**

Business & Professions Code § 17200 ............................................................... 13, 16, 17, 18

Civ. Code
    § 47 ............................................................................................................... 4, 5, 6, 16
    § 47(c) ................................................................................................................................. 5
    § 2912(b) ........................................................................................................................... 15
    § 2923.6 ...................................................................................................................... *passim*
    § 2923.6(g) ........................................................................................................................ 14
    § 2923.7 ....................................................................................................................... 11, 15
    § 2923.55 ............................................................................................................................ 5
    § 2924 ................................................................................................................................. 8
    § 2924.12(i) ....................................................................................................................... 19
    § 2924.12(b) ................................................................................................................ 13, 14
    § 2924(a) ............................................................................................................................. 6
    § 2924(b) ............................................................................................................................. 6
    § 2924(d) ................................................................................................................... 4, 5, 6
    § 2937 ............................................................................................................................... 11
    § 3294 ............................................................................................................................... 17

Code of Civ. Proc. § 764.030 ..................................................................................................... 19


**Regulations**

12 C.F.R. §560.2 ......................................................................................................................... 18

12 C.F.R. § 560.2(a) ................................................................................................................... 13


**Rules**

Fed. R. Civ. P. Rule 12(b)(6) .................................................................................................... 3, 4

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1

- vii -

MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

1  **I.**     **INTRODUCTION**

2          Plaintiff's complaint is a rather oddly pleaded complaint. In 2009, Plaintiff obtained a

3  HAMP loan modification ("loan modification") (Complaint, ¶10, Ex. C).  Plaintiff had defaulted

4  *previously* on her original loan.

5          In July, 2013, Defendant MTC Financial Inc. dba Trustee Corps ("Trustee Corps") caused

6  to be recorded a Notice of Default ("NOD") (Complaint, ¶11.).  The NOD evidences that default

7  of the subject deed of trust and subsequent loan modification started with missed payments on

8  March 1, 2013 (Request for Judicial Notice ("RJN"), Ex. E).  By August, 2013, the loan servicer

9  allegedly changed to Ocwen Loan Servicing, LLC ("Ocwen") (Complaint,¶32).  At this time,

10  Plaintiff tried to make a "timely payment" (singular), but Ocwen allegedly rejected it (Id.).

11  Importantly, Plaintiff *does not plead* she attempted or even had the ability to reinstate her loan or

12  cure the back payments (Id.).  Plaintiff claims breach of the loan modification despite not

13  pleading factually she cured the back payments or was able to reinstate her loan.  Further, she

14  represents Ocwen told her to "default" to get another loan modification, and she allegedly did

15  (Id.).  But, that pleading is implausible in this regard because no loan servicer can guarantee a

16  borrower will get a loan modification.

17          Allegedly based on Ocwen's representations of getting a loan modification, Plaintiff then

18  claims to have submitted a first lien loan modification application in September, 2013

19  (Complaint, ¶68).  But, Plaintiff is mistaken.  She did not submit a "first lien loan modification

20  application."  The reason is she was previously in a loan modification from which she does not

21  plead factually she could cure the default. She furthermore does not plead *factually* a change in

22  financial circumstances which would make her potentially eligible for a possible *second* loan

23  modification.  Since she does not plead factually a change in financial circumstances, she

24  submitted an *incomplete* September 2013 loan modification application.  Thus, she would not be

25  entitled to a "written determination of eligibility."

26          While Plaintiff's pleading is defective as set forth above, it is plain that Trustee Corps is

27  not a "contract" party to the subject deed of trust, the loan modification, or made a promise or

28  represent to Plaintiff the possibility of loan modification.  Trustee Corps is foreclosure trustee.  It

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                       - 1 -                    MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

1   is not a loan servicer, trust deed beneficiary, or lender.  It does not make, enter into or negotiate

2   loans, loan modifications, or forbearance agreements.  Consequently, Plaintiff's contract related

3   claims should be dismissed against Trustee Corps.

4         Further, nothing is pleaded in the complaint demonstrating Trustee Corps *materially*

5   violated the Homeowner's Bill of Rights ("HBOR").  Nothing is pleaded factually to show that

6   Trustee Corps was involved with negotiations or decisions concerning maintaining or considering

7   Plaintiff for any loan modification.  Trustee Corps in general follows the directions of the loan

8   servicer, and no facts are pleaded factually showing Trustee Corps was knowledgeable of the

9   details of the loan servicer's negotiations, actions, or was involved with same with Plaintiff.

10  Consequently, Plaintiff's HBOR claims should be dismissed against Trustee Corps, or at a

11  minimum, the claims for damages, restitution, and attorneys' fees should be dismissed, taking

12  into account also in this regard, Trustee Corps' statutory privileges and immunities.

13  **II.   BACKGROUND**

14        By way of Trustee Corps' Request for Judicial Notice ("RJN"), it can be seen that a Deed

15  of Trust ("DOT") was recorded July 20, 2007; the borrower is Xochitl Vivanco Duenas

16  ("Plaintiff"); the lender is IndyMac Bank, F.S.B. ("Indy"); trustee is First American Title

17  Insurance Co.; the beneficiary and Lender's nominee is Mortgage Electronic Registration

18  Systems, Inc. ("MERS"); the referenced note secured by the Deed of Trust ("DOT") is in the sum

19  of $155,000.00.  (Request for Judicial Notice ("RJN"), Exhibit "A").  The real property

20  referenced in the DOT is 810 Houchin Road, Bakersfield, CA 93304 (the "Property").

21        An Assignment of Deed of Trust ("Assignment 1") was recorded on July 29, 2009

22  wherein MERS assigned the DOT together with the note to OneWest Bank, F.S.B. ("OneWest")

23  (RJN, Exhibit "B").

24        A Substitution of Trustee ("Substitution 1") was recorded August 5, 2009 wherein

25  OneWest substituted Quality Loan Service Corporation as trustee under the DOT (RJN, Exhibit

26  "C").

27        A Substitution of Trustee ("Substitution 2") recorded July 29, 2013 wherein OneWest

28  substituted TRUSTEE CORPS as trustee under the DOT (RJN, Exhibit "D")

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                - 2 -                MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

1     A Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded on

2 July 29, 2013, reflecting the default amount owed as of July 25 2013 to be $2,745.25 (RJN,

3 Exhibit "E").

4     An Assignment of Deed of Trust ("Assignment 2") was recorded on October 23, 2013

5 wherein OneWest assigned the DOT to Ocwen Loan Servicing, LLC ("Ocwen") (Exhibit "F").

6     A Notice of Trustee's Sale ("NOTS") was recorded on December 4, 2013 (Exhibit "G").

7     An Assignment of Deed of Trust ("Assignment 3") was recorded on January 31, 2014

8 wherein Ocwen assigned the DOT to Federal Home Loan Mortgage Corporation ("Freddie")

9 (Exhibit "H").

10     A Trustee's Deed Upon Sale ("TDUS") was recorded on January 31, 2013 reflecting the

11 Property was sold and reverted to Freddie on December 30, 2013 (Exhibit "I").

12 **III.**   **STANDARDS APPLICABLE TO MOTIONS TO DISMISS**

13     **A.**   **Pleading Requirements In General**

14     A motion to dismiss is proper under Fed.R.Civ.P.Rule 12(b)(6) where the pleadings fail to

15 state a claim upon which relief can be granted. Rule 12(b)(6) allows a defendant "to test whether,

16 as a matter of law, the plaintiff is entitled to legal relief even if everything in the alleged

17 complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

18     In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable

19 to the non-moving party, and all material allegations in the complaint are taken to be true.

20 Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to

21 accept legal conclusions cast in the form of factual allegations if those conclusions cannot

22 reasonably be drawn from the facts alleged. Clegg v. Cult Awareness Network, 18 F.3d 752,

23 754-755 (9th Cir. 1994).

24     Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is

25 proper only if the pleadings fail to allege enough facts so as to demonstrate a 'plausible

26 entitlement to relief.' Bell Atlantic v. Twombly, 550 U.S. 544, 553-558 (2007). While a

27 complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

28 allegations, a Plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1     - 3 -     MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

1  requires more than labels and conclusions; a formulaic recitation of the elements of a cause of

2  action will not do.  Factual allegations must be enough to raise a right to relief above the

3  speculative level on the assumption that all the allegations in the complaint are true (even if

4  doubtful in fact).  Id.  Only a complaint that states a plausible claim for relief survives a motion to

5  dismiss.  Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1950 (2008) *citing* Bell Atlantic v.

6  Twombly, 550 U.S. 544, 556 (2007).

7  **B.    Construction of Exhibits Referred to in the Complaint or Attached to a Rule
          12(b)(6) Motion.**

8

9       "The court need not accept as true... allegations that contradict facts that may be judicially

10  noticed by the court, and may consider documents that are in the complaint whose authenticity no

11  party questions."  Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000) (citations omitted).

12      "[E]xhibits attached to the complaint, as well as matters of public record may be

13  considered in determining whether dismissal was proper without converting the motion to one for

14  summary judgment.  Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.

15  1995).[1]  Copies of officially recorded documents and court filed documents are attached as

16  Exhibits to the accompanying RJN.

17  **IV.    TRUSTEE CORPS' CONDUCT WAS PRIVILEGED UNDER CALIFORNIA
           CIVIL CODE §47 AND CIVIL CODE §2924(D); THEREFORE, TRUSTEE
18         CORPS' MOTION TO DISMISS SHOULD BE GRANTED WITHOUT LEAVE TO
           AMEND**

19

20      Dismissal under Rule 12(b)(6) is appropriate where defendants have statutory or common

21  law immunities.  Hydrick v. Hunter, 500 F.3d 978, 985 (9th Cir. 2007) (qualified immunity of

22  government officials); United States v. Gaubert, 499 U.S. 315, 324-325 (1991) (Federal Tort

23  Claims Act discretionary function exception).  Here, dismissal of the entire FAC is appropriate, as

24  foreclosure trustees have statutory immunity from damages claims.

25  / / /

26

27  [1] The court may also take judicial notice of documents that are "a matter of general public
28  record."  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988).  The foregoing
     exhibits again make it abundantly clear that TRUSTEE CORPS is merely a foreclosure trustee.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4840-5394-5626 v1                     - 4 -          MEMORANDUM OF POINTS AND
                                                          AUTHORITIES 1:14-CV-00496-AWI-JLT

Civil Code §2924(d), which is at the beginning of the statutes governing foreclosures, specifically provides that the mailing, publication, and delivery of notices as required therein, and the performance of the procedures set forth in the Article[2], shall constitute <u>privileged</u> communications within Civil Code §47.  This essentially encompasses the entire foreclosure process, including the sale.  Although the statute originally was understood as applicable to the tort of defamation, the courts have extended the privilege it provides to other tort claims. <u>Hagberg v. California Federal Bank FSB</u>, 32 Cal.4th 350, 361 (2004).  Where a privileged publication forms the basis for the tort, Section 47 may defeat claims for abuse of process, intentional infliction of emotional distress, inducing breach of contract, interference with prospective advantage, negligent misrepresentation, invasion of privacy, and negligence.  The <u>only</u> exception is for malicious prosecution actions.  <u>Silberg v. Anderson</u>, 50 Cal.3d 205, 213-15 (1990).

A number of Courts have held that the litigation privilege to be applied to foreclosure trustees is the absolute standard.  <u>Cisneros v. Instant Capital Funding Group</u>, 263 F.R.D. 595, 609-610 (E.D. Cal. 2009); <u>Garretson v. Post</u>, 156 Cal.App.4th 1508, 1517-1518 (2007) (4th Appellate District); <u>Jacobson v. Balboa Arms Drive Trust #5402</u>, 2011 WL 2784126 (S.D.Cal.) at *9; <u>Rodriguez v. JP Morgan Chase & Co.</u>, 809 F.Supp.2d 1291, 1299 (S.D.Cal. 2011).  However, other courts held that trustee's actions are considered to be to be privileged communications under the less protective standard of a qualified common interest privilege.  <u>Kachlon v. Markowitz</u>, 168 Cal.App.4th 316, 333 (2008).[3]  This standard still requires that Plaintiff factually

---

[2] The "Article" encompasses the entire process as well as the sale.  Even with the enactment of the HBOR, the privilege as articulated by Civil Code § 2924(d) continues to apply to a foreclosure trustee's conduct.  "In the absence of allegations of...malice, section immunity 2924(d) bars purported claims based on cited California statutes or related wrongs."  <u>See</u>, <u>Valenzuela v. Wells Fargo Bank National Association</u>, 2014 WL 309438 (E.D. Cal.).  In <u>Valenzuela</u>, <u>supra</u>., the District Court was referencing among other statutes, HBOR statutes, Cal. Civ. Code §§2923.55 and 2923.6

[3] The concept of "fraud" and Civil Code §47(c) (qualified privilege) intellectually does not make sense as discussed in <u>Kachlon</u>.  If there was a qualified privilege, it could be overcome by the showing of "malice," not fraud.  <u>Kachlon</u> extrapolates from the defamation cases and the concept of malice to come up with the fraud exception.  It is essentially impossible for a foreclosure trustee to commit fraud, as <i>it has no common law duty to disclose</i>.  Its duties are set forth in the Civil Code, and the foreclosure procedures are statutorily prescribed, even to the point of

1  plead that the trustee acted with malice in order to overcome the immunity protections of Civil

2  Code §47.  Id.  *Plaintiff has not alleged factually any malice by Trustee Corps.*  Therefore,

3  Trustee Corps' actions are privileged under either standard.

4      Therefore, under Civil Code §§2924(d) and 47, Trustee Corps' actions in performance of

5  its duties during the foreclosure process were privileged.  As Silberg, clearly details, the privilege

6  **defeats** Plaintiff's claims alleged against Trustee Corps.  Silberg, *supra*, 50 Cal.3d 205 at 215.

7  Plaintiff cannot plead facts that Trustee Corps has any liability.  Trustee Corps' Motion should be

8  granted without leave to amend.[4]

9  **V.    TRUSTEE CORPS OWES NO DUTIES TO PLAINTIFF, OTHER THAN THOSE**
   **SPECIFICALLY STATED IN THE DEED OF TRUST AND APPLICABLE**
10 **STATUTES**

11     Before any liability for failure to act may exist, there must have been a duty to act under

12 the circumstances.  Bartlett v. State of California, 145 Cal.App.2d 50, 56-57 (1956).  However,

13 the trustee performs only *ministerial acts* that result in the transfer of title.  Pro Value Properties,

14 Inc. v. Quality Loan Service Corp., 170 Cal.App.4th 579, 583 (2009).

15     Common law does not impose any additional obligations on the foreclosure trustee other

16 than those *specifically* stated in the deed of trust or the governing statutes.  Diediker v. Peelle Financial

17 Corp., 60 Cal.App.4th 288, 295 (1997).  Thus, the scope and nature of the trustee's duties are

18 *exclusively* defined by the deed of trust and the governing statutes.  Bank of America Leasing &

19 Capital, LLC v. 3 Arch Trustee Services, Inc., 180 Cal.App.4th 1090, 1097-1098, 1104 (2009)

20 (trustee's rights, powers, and duties regarding notice of default and sale strictly defined and

21 limited by statutory scheme; Legislature intended to protect trustees from costly litigation).  *No*

22

23 mandating what must be in a Notice of Default and Notice of Trustee's Sale.  *See*, Civil Code
   §2924(a).  Only if a trustee committed an act outside of the scope of its duties (for example,
24 *deliberately* notifying the Trustor that the sale had been continued to an incorrect date), causing
   prejudice could a fraud allegation withstand a challenge to the pleading.
25

26 [4] Trustee Corps is further immunized by Cal. Civ. Code §2924(b) which pertinently states: "In
   performing acts required by this article, the trustee shall incur no liability for any good faith error
27 resulting from reliance on information provided in good faith by the beneficiary regarding the
   nature and the amount of the default under the secured obligation, deed of trust, or mortgage."
28 Assuming for argument's sake there was an error or mistake in what the trust deed beneficiary
   provided, no facts show Trustee Corps acting on the information in bad faith.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4840-5394-5626 v1          - 6 -          MEMORANDUM OF POINTS AND
                                               AUTHORITIES 1:14-CV-00496-AWI-JLT

1  *other common law duties exist.*  Pro Value Properties, Inc. v. Quality Loan Service Corp., *supra*,

2  170 Cal.App.4th at 583.

3      A trustee under a deed of trust does not have a true trustee's interest in, and control over,

4  the trust property.  Nor it is bound by the fiduciary duties that characterize a true trustee.

5  Monterey S.P. Partnership v. W.L. Bangham, Inc., 49 Cal.3d 454, 462-463 (1989).

6      Here, Trustee Corps merely acted as a common agent for the trustor and beneficiary of the

7  deed of trust.  Pro Value Properties, Inc. v. Quality Loan Service Corp., *supra*, 170 Cal.App.4th at

8  583.  As such, the only duties of a trustee under a deed of trust are: (1) upon default, to undertake

9  the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt, to

10  reconvey the deed of trust.  Heritage Oaks Partners v. First American Title Ins. Co., 155

11  Cal.App.4th 339, 345 (2007).

12      There are no facts pleaded revealing that Trustee Corps acted outside its role as a

13  foreclosure trustee, that it was a party to any contract, or violated *materially and with malice* the

14  foreclosure statutory scheme.  Thus, because Trustee Corps' foreclosure sale duties are defined

15  and limited by statute, and because of the statutory protection afforded to trustees providing

16  immunity from suit, no claims, liability, damages, or restitution, against Trustee Corps arising

17  from its actions taken during the foreclosure process herein can be stated.

18  **VI.   PLAINTIFF HAS FAILED TO MAKE A VALID OFFER OF TENDER;
       THEREFORE, SHE CANNOT CHALLENGE A WRONGFUL FORECLOSURE
19     CLAIM OR A CLAIM IMPLICITLY INTEGRATED TO THE SALE**

20      Plaintiff cannot maintain *any claim implicitly integrated to the sale* because Plaintiff has

21  not made a valid and viable tender of payment of the indebtedness, *which is essential.*

22      "California district courts apply the tender rule in examining wrongful foreclosure
     claims.  Anaya v. Advisors Lending Group, 2009 WL 2424037 at 10 (E.D.Cal.
23     Aug. 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her
       debt to warrant disruption of non-judicial foreclosure"); Alicea v. GE Money
24     Bank, 2009 WL 213696, at 3 (N.D.Cal. July 16, 2009) ("When a debtor is in
       default of a home mortgage loan, and a foreclosure is either pending or has taken
25     place, the debtor must allege a credible tender of the amount of the secured debt to
       maintain any cause of action for foreclosure."); Montoya v. Countrywide Home
26     Loans, 2009 WL 1813973 at *11-12 (N.D.Cal. June 25, 2009) ("Under California
       law, the 'tender rule' requires that as a precondition to challenging a foreclosure
27     sale, or any cause of action implicitly integrated to the sale, the borrower must
       make a valid and viable tender of payment of the debt").  The application of the
28     "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                - 7 -                MEMORANDUM OF POINTS AND
                                                          AUTHORITIES 1:14-CV-00496-AWI-JLT

technical ground when the party making the challenge has not established his ability to purchase the property." <u>Williams v. Countywide Home Loans</u>, 1999 WL 740375 at *2 (N.D.Cal. Sept. 15, 1999)..." <u>Ngoc Nguyen v. Wells Fargo Bank, N.A.</u>, 749 F.Supp.2d 1022, 1034 (N.D.Cal. 2010).

As Plaintiff cannot or will not offer or tender the loan amount due, she cannot challenge the foreclosure sale. Thus, the Complaint fails completely and dismissal should be without leave to amend.

## VII.   <u>THE PRESUMPTION IS THAT THE SALE WAS CONDUCTED PROPERLY</u>

In regard to sales governed by <u>Civ. Code</u> §2924, the Appeals Court in <u>Melendrez v. D&I Investment, Inc.</u>, 127 Cal.App.4th 1238 (2005) stated:

> "As a general rule, the purchaser at a nonjudicial foreclosure sale receives title under a trustee's deed free and clear of any right, title or interest of the trustor. [Citation.] A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender. [Citation.] Once the trustee's sale is completed, the trustor has no further rights of redemption. [Citation.]" (citation omitted.) <u>Id</u>. p.1251.

There is a presumption that a non-judicial foreclosure sale was conducted properly.

> "A nonjudicial foreclosure sale is accompanied by a common law presumption that it "was conducted regularly and fairly."...This presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity... It is the burden of the party challenging the trustee's sale to prove such irregularity and thereby overcome the presumption of the sale's regularity..." <u>Melendrez v. D&I Investment, Inc.</u>, 127 Cal.App.4th 1238, 1258 (2005).

Plaintiffs' Complaint fails to plead *factually* either an improper procedure or factual prejudice as to the foreclosure conducted by Trustee Corps. The sale should stand.

## VIII.   <u>PLAINTIFF'S FIRST CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING FAILS</u>

To assert a breach of implied covenant of good faith and fair dealing claim, the parties must be parties to a contract. "Although breach of the implied covenant often is pleaded as a separate count, a breach of the implied covenant is necessarily a breach of contract." <u>Digerati Holdings, LLC v. Young Money Entertainment, LLC</u>, 194 Cal.App.4th 873, 885 (2011). In this case, Plaintiff did not enter into any contract with Trustee Corps.

With respect to conducting non-judicial foreclosure, a contract claim cannot be stated against a foreclosure trustee because it follows a statutory scheme. A foreclosure trustee only

1   performs *ministerial acts* pursuant to the applicable statutory foreclosure scheme governing non-

2   judicial foreclosures.

3       "Analyzing "trust deed nonjudicial foreclosure sales issues in the context of
        common law contract principles" is "unhelpful" given "the comprehensive
4       statutory scheme regulating nonjudicial foreclosure sales." <u>Residential Capital v.
        Cal–Western Reconveyance Corp.</u>, 108 Cal.App.4th 807, 820, 821 (2003)
5

6       In the instant case, Trustee Corps *only* conducted a non-judicial foreclosure.  It did not

7   assume any other duties, and nothing of the sort is pleaded *factually*.  Consequently, dismissal

8   should be granted.

9       Plaintiff also has neither pleaded the elements of contract nor contract existence between

10  her and Trustee Corps.

11      "The standard elements of a claim for breach of contract are: '(1) the contract, (2)
        plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and
12      (4) damage to plaintiff therefrom.' "<u>Wall Street Network, Ltd. v. New York
        Times Co.</u>, 164 Cal.App.4th 1171, 1178, 80 Cal.Rptr.3d 6 (2008).  "To form a
13      contract, an 'offer must be sufficiently definite ... that the performance promised is
        reasonably certain.' " <u>Alexander v.Codemasters Group Limited</u>, 104 Cal.App.4th
14      129, 141(2002)...

15      ...

16      Essential elements to contract existence are: (1) "[p]arties capable of contracting;"
        (2) "[t]heir consent;" (3) a "lawful object;" and (4) a "sufficient cause or
17      consideration."  Cal. Civ.Code, § 1550."  <u>Robinson v. Bank of America, N.A.</u>,
        2010 WL 5114738 *7 (E.D. Cal.).
18

19      With respect to this matter, the loan modification does not identify Trustee Corps as a

20  party. Complaint, Ex. C. The Lender and the Borrower are the two parties.  <u>Id</u>.

21      Concerning the DOT, Plaintiff's contract claim fails as to Trustee Corps because it cannot

22  be pleaded Trustee Corps is a contract party to the DOT.[5]  In fact, "The deed of trust constitutes a

23  contract between the *trustor* and the *beneficiary* . . . ."  <u>Susilo v. Wells Fargo Bank, N.A.</u>, 796

24  F.Supp.2d 1177, 1189 (C.D. Cal.).  Trustee Corps was not substituted into the DOT as foreclosure

25  trustee until July 29, 2013, well after the recording of the DOT in 2007.

26

27  ────────────────
    [5] Trustee Corps is only a substituted foreclosure trustee.  A trustee can be substituted in or out of
28  the DOT at the will of the trust deed beneficiary.  RJN, Ex. B, ¶24.  This is not a characteristic of
    a party to a contract.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                         - 9 -            MEMORANDUM OF POINTS AND
                                                               AUTHORITIES 1:14-CV-00496-AWI-JLT

1        While Trustee Corps might have had to abide by the DOT in carrying out the foreclosure

2    because it is an *agent* of a party to the DOT, in this case, the trust deed beneficiary, that *does not*

3    *make* Trustee Corps *a party to the DOT or the loan modification referenced in the complaint.*

4    *See*, Mbaba v. IndyMac Federal Bank, F.S.B., 2010 WL 424363 *8 (E.D. Cal.) ["It [Trustee

5    Corps] did not "purchase" the loan or otherwise take ownership of the mortgage loan or its

6    payments.  Trustee Corps was not a party to the loan agreement.  Without a contract between the

7    parties, there is no breach."]

8        Plaintiff also cannot assert a contract claim against Trustee Corps because Plaintiff does

9    not assert the terms of the contract which Trustee Corps supposedly breached, assuming only for

10   argument's sake that Trustee Corps was a party.

11       "A breach of contract claim rests upon the actual terms of a contract.  Plaintiff has
     simply failed to allege any breach of the express provisions of the loan agreement.
12   *See Williams v. Bank Of America*, No. 2:09–CV–3060–JAMKJM, 2010 WL
     3034197, at *4 (E.D.Cal. July 30, 2010) (dismissing breach of contract claim
13   where the complaint failed to allege where in the loan agreement the alleged
     promises by the bank were memorialized); *Nichols v. Greenpoint Mortgage*
14   *Funding, Inc.,* 2008 WL 3891126, at *4 (C.D.Cal. Aug.19, 2008) (dismissing
     breach of contract claim where "[p]laintiff has failed to set forth any provisions of
15   the Notes that were breached.")."  Ahmad v. Wells Fargo Bank, N.A., 2011 WL
     1260054 *7 (E.D.Cal.)
16

17       No provision(s), paragraph(s) or sentence(s) of the alleged loan modification, DOT, or

18   note are set forth in the complaint to show Trustee Corps breached any part of those documents.

19   No *express language* is set forth or referenced to show a breach by Trustee Corps.  Accordingly,

20   Trustee Corps' dismissal of this contract claim should be granted without leave to amend.

21       Finally, the Agent Immunity Rule bars a contract claim against Trustee Corps.  The

22   exhibits to the RJN *plainly* disclose that Trustee Corps was acting with respect to the foreclosure

23   as agent for a disclosed principal, the trust deed beneficiary, Ocwen.  Thus, Trustee Corps, under

24   the Agent's Immunity Rule, cannot be sued in contract.  *See*, Black v. Bank of America, 30

25   Cal.App.4th 1 (1995).  Black cited the "agent's immunity rule" which holds agents immune from

26   liability if they are acting on the part of a disclosed principal.  Id., at 4-5.  Consequently, Trustee

27   Corps' dismissal of this contract claim should be granted without leave to amend.

28   / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1          - 10 -          MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

## IX. THE THIRD CLAIM FOR PROMISSORY ESTOPPEL FAILS AGAINST TRUSTEE CORPS

It is not pleaded that Trustee Corps promised anything to Plaintiff.

"The elements of a promissory estoppel claim are: (1) a promise that is clear and unambiguous in its terms, (2) reliance on the promise by the party to whom the promise is made (3) that is reasonable and foreseeable, and (4) injury to the party asserting estoppel due to his or her reliance." Laks v. Coast Fed. Sav. & Loan Assn., 60 Cal.App.3d 885, 890–91 (1976).

Plaintiff has not pleaded factually a clear and unambiguous promise to her made by Trustee Corps.  Trustee Corps does not make loans or loan modifications.  Trustee Corps' dismissal of this claim should be granted without leave to amend.

## X. THE FOURTH CLAIM FOR VIOLATIONS OF CIVIL CODE SECTION 2937 FAILS AGAINST TRUSTEE CORPS

Civil Code §2937 states in relevant part:

"…(b) Any person transferring the servicing of indebtedness as provided in subdivision (a) to a different servicing agent and any person assuming from another responsibility for servicing the instrument evidencing indebtedness, shall give written notice to the borrower or subsequent obligor before the borrower or subsequent obligor becomes obligated to make payments to a new servicing agent."

This code section requires loan servicers, like Ocwen to give notice to borrowers of transfers of indebtness.  Trustee Corps is *not* a loan servicer.  It is a foreclosure trustee which conducts non-judicial foreclosures pursuant a statutory scheme.  Consequently, this claim cannot be stated against Trustee Corps.  Alternatively, no claim or prayer for damages can be asserted because no malice is pleaded factually against Trustee Corps.

## XI. THE FIFTH CLAIM FOR VIOLATION OF CIV. CODE§ §2923.6 AND 2923.7 FAILS AGAINST TRUSTEE CORPS

### A. No Claim Is Stated Under Civ. Code §2923.6

Civ. Code 2923.6 states in relevant part:

"(c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.  A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

(1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.

(2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.

(3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

(d) If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error.

(e) If the borrower's application for a first lien loan modification is denied, the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or, if a notice of default has already been recorded, record a notice of sale or conduct a trustee's sale until the later of:

(1) Thirty-one days after the borrower is notified in writing of the denial.

…

(g) In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer."

While Plaintiff pleads a "dual tracking" violation under this section, the foregoing statute *itself* does not afford a private right of action. *See*, Quinteros v. Aurora Loan Services, 740 F.Supp.2d 1163, 1174 (E.D. Cal. 2010) ["… there is no private cause of action under Section 2923.6."]. The statute (Civ. Code §2923.6) also does not expressly allow for restitution or damages. *See*, Pfeifer v. Countrywide Home Loans, Inc. , 211 Cal.App.4th 1250, 1282, fn. 17.

Under California law, a statute will only be deemed to contain a private right of action if the Legislature has manifested intent to create such a right. Moradi-Shalal v. Fireman's Fund Ins. Companies (1988) 46 Cal.3d 287, 305. In this connection, "courts are not at liberty to impute a particular intention to the Legislature when nothing in the language of the statute implies such an intention." Dunn-Edwards Corp. v. Bay Area Air Quality Management Dist. (1992) 9 Cal.App.

1    4th 644, 658. Thus, "if the Legislature intends to create a private cause of action, we generally

2    assume it will do so directly, in clear, understandable, unmistakable terms." <u>Vicko Ins. Servs.,</u>

3    <u>Inc. v. Ohio Indemnity Co.</u> (1999) 70 Cal.App. 4th 55, 62-63, *quoting Moradi-Shalal,* 46 Cal.3d

4    at 294-295 (internal marks omitted).  No language in Civil Code §§2923.6 provides for a private

5    right of action for restitution or damages.  Consequently, both as an equitable claim and as a

6    damage or restitution style claim, a claim based *solely* on Civil Code §2923.6 cannot be stated

7    against Trustee Corps.

8          The subject loan was also made by IndyMac, a Federal Savings Bank, governed by HOLA

9    with attendant regulations.  As such, a claim of a violation of Cal. Civ. Code §2923.6 is

10    preempted by the Home Owners Loan Act of 1933 ("HOLA") and its accompanying regulation

11    12 C.F.R. § 560.2(a).  *See,* <u>Biggins v. Wells Fargo & Co.</u>, 266 F.R.D. 399, 417 (N.D. Cal. 2009)

12    ["California Civil Code § 2923.6.  That law (Cal. Civ. Code §2923.6) specifically refers to loan

13    modifications and references that duties servicers may owe to parties in a loan pool.  To the

14    extent this Plaintiffs' premise their <u>Section 17200</u> claim against Aurora on a violation of this law,

15    it directly implicates § 560(b)(10), which preempts state laws relating to "processing, origination,

16    servicing, sale or purchase of, or investment or participation in mortgages."]; See, also, <u>Marquez</u>

17    <u>v. Wells Fargo Bank, N.A.</u>, 2013 WL 5141689 *5 (N.D. Cal. 2013) ["Courts have found that

18    claims for violations of §2923.6 are preempted by HOLA."].  *See also,* <u>Deschaine v. IndyMac</u>

19    <u>Mortg. Services</u>, 2013 WL 605445 *8 (E.D.Cal.) ["As applied to plaintiff's claims, section 2923

20    is preempted because it imposes requirements on the "processing, origination, [and] servicing" of

21    plaintiff's mortgage loan and application for a loan modification in addition to those imposed by

22    federal law."]

23          While Plaintiff cannot state a claim for violation Civ. Code §2923.6 using the statute by

24    itself, Civ. Code §2924.12(b) arguably creates a claim for violation of Civ. Code §2923.6, but

25    *Plaintiff does not plead a claim under Civ. Code §2924.12(b).*

26          Civ. Code §2924.12(b) states:

27        (b) After a trustee's deed upon sale has been recorded, a mortgage servicer,
mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower

28    for actual economic damages pursuant to Section 3281, resulting from a *material*

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                                - 13 -                  MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale.  If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

To demonstrate an entitlement to relief under Civ. Code §2924.12(b) for violation of Civ. Code §2923.6, Plaintiffs must plead, "(1) a *material* violation of one of the enumerated code sections; (2) by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent; (3) that causes actual economic damages."  (emphasis added.)  <u>Rockridge v. Wells Fargo, N.A.</u>, 2013 WL 5428722 *24 (N.D.Cal.).

Plaintiff asserts a "dual tracking" violation, but insufficient facts to show a material violation of Civ. Code §2923.6.  In the instant case, at the behest of Ocwen, Plaintiff contends submitting a first lien loan modification application in September, 2013 to Ocwen, but never receiving a written determination before foreclosure.  But, Plaintiff is mistaken. She did not make a first lien loan modification application to Ocwen because at the time she submitted her loan modification application in September, 2013, she was already in a defaulted loan modification from which she does not plead *factually* she could cure.  She also does not plead *factually* a documented change in her financial circumstances which would make her potentially eligible for a possible second loan modification under Civ. Code §2923.6(g).  Since she does not plead factually a change in financial circumstances, she submitted an *incomplete* September 2013 loan modification application.  Thus, she would not be entitled to a written determination of eligibility for a loan modification.

Further, nothing is pleaded in the complaint demonstrating Trustee Corps *itself materially* violated the Homeowner's Bill of Rights ("HBOR").  Nothing is pleaded factually to show that Trustee Corps was involved with negotiations or decisions concerning maintaining or considering Plaintiff for any loan modification.  Trustee Corps in general follows the directions of the loan servicer, and no facts are pleaded factually showing Trustee Corps was knowledgeable of the details of the loan servicer's loan modification negotiations or actions or was involved with same

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                                    - 14 -                    MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

with Plaintiff.  Consequently, Plaintiff's HBOR claims should be dismissed against Trustee

Corps, or at a minimum, the claims and prayers for damages, restitution, and attorneys' fees

should be dismissed, taking into account also in this regard, Trustee Corps' statutory privileges

and immunities.

      **B.**    <u>**No Claim Is Stated Under Civ. Code §2923.7**</u>

      Civ. Code §2923.7 and what it obligates is inapplicable to Trustee Corps as set forth

hereinafter:

> "(a) Upon request from a borrower who requests a foreclosure prevention
> alternative, the mortgage servicer shall promptly establish a single point of contact
> and provide to the borrower one or more direct means of communication with the
> single point of contact."

      It is not pleaded factually that Plaintiff made a request on Trustee Corps for a single point

of contact.  The reason is obvious.  Trustee Corps is not a loan servicer.  Thus, Trustee Corps

cannot have violated this code section.  The above statute deals with obligations of mortgage

servicers and not trustees.  Consequently, the statue is inapplicable to Trustee Corps.  Further,

there is nothing in the statute itself which confers a private right of action, which is similar to

Section 2923.7.  The section is also preempted by HOLA and attendant regulations, as discussed

above.

      Obviously, Trustee Corps has not committed a *material* violation of Civ. Code §2923.7

under Civ. Code §2912(b).  Consequently, Plaintiff's HBOR claims should be dismissed against

Trustee Corps, or at a minimum, the claims and prayers for damages, restitution, and attorneys'

fees should be dismissed, taking into account also in this regard, Trustee Corps' statutory

privileges and immunities.

**XII.**   <u>**PLAINTIFFS' SIXTH CLAIM FOR NEGLIGENCE AGAINST TRUSTEE CORPS
FAILS**</u>

      The claim for negligence is barred by privilege and immunity.  *See,* Section IV.  Further,

Trustee Corps has no common law duties or duties other than what is contained in the DOT and

in California's statutory foreclosure scheme.  *See,* Section V.  Nothing is pleaded *factually* that

Trustee Corps negligently acted outside its statutory duties as a foreclosure trustee.

/ / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1      - 15 -      MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

1  **XIII.  PLAINTIFF'S SEVENTH CLAIM FOR UNFAIR BUSINESS PRACTICES
2       AGAINST TRUSTEE CORPS FAILS**

3       To state a claim for unlawful business practices under Business and Professions Code

4  §17200 et seq. against Trustee Corps, Plaintiff must allege a business practice by Trustee Corps

5  that is unlawful, unfair or fraudulent.  <u>DeLeon v. Wells Fargo Bank NA</u>, 2011 WL 311376 at *4

6  (N.D. Cal).

7       **A.    <u>Trustee Corps' Actions are Privileged, and Plaintiff Can Neither Attempt to
              Subvert this Privilege by Making a Claim under California Business and
8             Professions Code §17200, Nor Any Claim For Damages or Restitution Style
              Relief</u>**

9

10      An action based on unfair competition (UCL claim) may be maintained *unless* the

11  defendant's conduct is privileged or is immunized by another statute, or unless the underlying

12  statute expressly bars its enforcement under the unfair competition law.  *See*, <u>Stevens v. Superior</u>

13  <u>Court</u>, 75 Cal.App.4th 594, 603-604 (1999).

14      Here, Plaintiff is attempting to subvert the fact that Trustee Corps' actions in its capacity

15  as foreclosure trustee were privileged by asserting a violation of Business and Professions Code

16  §17200.  However, this effort fails.  "The California Supreme Court recognized that a plaintiff

17  may not make an end run around the privilege created by California Civil Code §47 by recasting

18  [a] claim under §17200."  <u>Fleury v. Specialized Loan Servicing, LLC</u>, 2011 WL 4851141 *8

19  (Bankr. E.D. Cal.), *citing* <u>Rubin v. Green</u>, 4 Cal.4th 1187, 1201 (1993) and <u>Cell-Tech Commons,</u>

20  <u>Inc. v. L.A. Cellular Tel. Co.</u>, 20 Cal.4th 163, 182 (1999).  Trustee Corps' conduct was

21  privileged.  As such, this claim should be dismissed without leave to amend, or alternatively, the

22  Court is requested to dismiss all claims and prayers for restitution style relief and damages as

23  barred by privilege.

24      Further, Plaintiff pleads punitive damages in this count against Trustee Corps (Complaint,

25  ¶81).  While punitive damages are not set forth as permissible under Business and Professions

26  Code §17200, privilege again bars punitive damages as well as lack of pleaded facts to support

27  punitive damages.

28  / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                          - 16 -                    MEMORANDUM OF POINTS AND
                                                                         AUTHORITIES 1:14-CV-00496-AWI-JLT

1    Punitive damages are only available where a complaint sets forth facts sufficient to

2    actually give rise to a cause of action upon which a claim for punitive damages may be based.

3    Godfrey v. Steinpress, 128 Cal.App.3d 154, 183 (1982).  In order to recover punitive damages

4    plaintiffs must plead and prove the circumstances set forth in Civil Code §3294.  Hilliard v. A.H.

5    Robbins Co., 148 Cal.App.3d 374, 391 (1983).  Civil Code §3294 provides that punitive damages

6    are only recoverable in cases of oppression, fraud, malice, and must be proven by clear and

7    convincing evidence.  A plaintiff must plead specific factual allegations to support a punitive

8    damages claim.  Brousseau v. Jarrett, 73 Cal.App.3d 864, 872 (1977).

9    Plaintiff's causes of action do not factually allege facts supporting punitive damages

10   against Trustee Corps under any of Plaintiff's causes of action.  Therefore, Plaintiff is not entitled

11   to punitive damages and the allegations and prayer for such should be dismissed from the

12   complaint.

13   **B.**       **Plaintiff Has Not Sufficiently Pleaded a Claim Under Business & Professions**
                 **Code §17200**
14

15   Plaintiffs fail to sufficiently allege a §17200 claim.  A violation of another law is a

16   predicate for stating a cause of action under the UCL's unlawful prong.  Berryman v. Merit Prop.

17   Mgmt., Inc., 152 Cal. App. 4th 1494, 105 (1999).  Thus, a claim for UCL stands or falls

18   depending on the fate of antecedent substantive causes of action.  Krantz v. BT Visual Images, 89

19   Cal. App. 4th 164, 178 (2001).  Here, the preceding claims do not support a claim against Trustee

20   Corps.  Trustee Corps has not violated materially the statutes referenced by Plaintiffs.  Plaintiffs'

21   *bald conclusions* that Trustee Corps allegedly violated statutes does not support a violation of

22   Business and Professions Code §17200, *et seq. See also*, Archundia v. Chase Home Finance

23   LLC, 2009 WL 1796295 at *6 (S.D.Cal.) (a plaintiff must allege facts to demonstrate that the

24   business act or practice violates an underlying law).

25   **C.**       **Business and Professions Code §17200 Is Preempted by Federal Law As To**
                 **TRUSTEE CORPS**
26

27   *See*, Section XI above. Additionally, the UCL claim itself is preempted by the

28   Homeowners Loan Act of 1937 ("HOLA") 12 U.S.C. §1461, and associated regulations issued by

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                      - 17 -                   MEMORANDUM OF POINTS AND
                                                                    AUTHORITIES 1:14-CV-00496-AWI-JLT

1    the Office of Thrift Supervision ("OTS"), including 12 C.F.R. §560.2. *See*, <u>Silvas v. ETrade</u>

2    <u>Mortgage Corp.</u>, 514 F.3d 1001, 1005 (9th Cir. 2008); <u>Ayala v. World Saving Bank, FSB</u>, 616

3    F.Supp.2d 1007, 1015-1016 (C.D.Cal. 2009); <u>Munoz v. Financial Freedom Senior Funding Corp.</u>,

4    567 F.Supp.2d 1156, 1160-1163 (C.D.Cal. 2008); <u>Ngoc Nguyen v. Wells Fargo Bank, N.A.</u>, 749

5    F.Supp.2d 1022, 1037, 1038 (N.D.Cal. 2010) ("Plaintiff's allegations - including those on which

6    his §17200 claim is based - relate entirely to loan origination, transfer of the deed on the property,

7    and/or foreclosure procedure - all of which bear directly on lending activities listed in §560.2 and

8    are therefore preempted").

9          In <u>Silvas v. ETrade Mortgage Corp.</u>, as in this case, the plaintiff alleged violations of the

10   UCL under Business and Professions Code §17200.  The Ninth Circuit upheld the *dismissal of*

11   *these claims*, holding that federal laws including HOLA and regulations issued by the OTS

12   preempted the *entire field* of lending regulation. <u>Silvas v. ETrade Mortgage Corp.</u>, *supra*, 514

13   F.3d at 1005.  Thus, a Business and Professions Code §17200 claim has not been stated against

14   TRUSTEE CORPS.

15   **XIV.   PLAINTIFF'S EIGHTH CLAIM TO SET ASIDE TRUSTEE'S SALE AND NINTH**
     **CLAIM FOR TO CANCEL TRUSTEE'S DEED FAIL AGAINST TRUSTEE**
16   **CORPS**

17         Firstly, these are "equitable claims" to set aside apparently the sale of the Property to

18   Freddie.  Therefore, claim and prayers for damages or restitution style relief cannot be pleaded

19   under these equitable claim.

20         Regarding setting aside a sale in equity, a Plaintiff in an action for cancellation of

21   instruments must offer to restore to the defendant everything of value which the plaintiff has

22   received in the underlying transaction, less damages sustained.  <u>Ebbert v. Mercantile Trust Co.</u>,

23   213 Cal. 496, 501 (1931).  Without rescission, and restoration of benefits received, a party may

24   not void a contract.  <u>Larsen v. Johannes</u>, 7 Cal.App.3d 491, 503 (1970).  Here, Plaintiff has never

25   made a valid offer of tender of the amount owed on the loan.  Therefore, Plaintiff is not entitled to

26   cancel the TDUS under this count.

27         Further, a cancellation of instruments action also can only be brought against a person

28   who received the instrument, or any successor of the instrument or of the title transferred by the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                          - 18 -                MEMORANDUM OF POINTS AND
                                                                     AUTHORITIES 1:14-CV-00496-AWI-JLT

1   instrument with notice of Plaintiff's right to cancel. <u>Duly v. Westinghouse Electric Corp.</u>, 97

2   Cal.App.3d 430, 432 (1979).  Here, Trustee Corps as the foreclosure trustee never had any

3   interest in the Note, TDUS, or the DOT.  Finally, Plaintiff has *not pleaded facts* to overcome the

4   presumptions discussed in Section VII above.  Thus, this claim should be dismissed without

5   leave, or alternatively, all claims and prayers for damages and restitution style relief should be

6   dismissed without leave.

## XV.   **PLAINTIFFS' TENTH CLAIM FOR QUIET TITLE AGAINST TRUSTEE CORPS FAILS**

Firstly, a quiet title action has an effect *only* against one who claims an interest in the

property at issue.  *See*, Code of Civil Procedure §764.030.  Trustee Corps acted merely as the

foreclosure trustee, and has *never* made **any** claim of interest in the subject property.  *See*, <u>Wood</u>

<u>v. Aegis Wholesale Corp.</u>, 2009 WL 1948844 at *5 (E.D. Cal. 2009); <u>Razawi v. F.D.I.C.</u>, 2009

WL 2914120 at *7 (E.D. Cal.)  Thus, no quiet title claim lies against Trustee Corps.  This is

especially the case now where the property has gone to sale.

Secondly, "a mortgagor cannot quiet title against the mortgagee without paying the debt

secured." <u>Shimpones v. Stickney</u>, 219 Cal. 637, 649 (1934).  As Plaintiff does not allege that he

ever *paid* or cured the underlying debt secured by the DOT, he cannot state a quiet title claim.

## XVI.   **NEITHER LAW NOR FACTS SUPPORT ALLEGATIONS AND PRAYER FOR ATTORNEYS' FEES AGAINST TRUSTEE CORPS**

Plaintiff alleges that she are entitled to recover attorneys' fees ("cost and expense pending

litigation…"), but without any support from a written contract.  Further, no statutory authority

provides for attorneys' fees.  Under Cal. Civ. Code §2924.12(i), Plaintiff is prevailing only if she

obtained injunctive relief or damages against Trustee Corps.  As discussed above, no claim for

damages or restitution style relief can be pleaded against Trustee Corps.  Further, attorneys' fees

are at the Court's discretion under Cal. Civ. Code §2924.12(i).  Again, Trustee Corps is not a loan

servicer, and the allegations in the complaint are not directed at Trustee Corps.  There are no

factual allegations that Trustee Corps was involved in the loan modification process.

27   / / /

28   / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                  - 19 -                  MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

1

## XVII.  <u>CONCLUSION</u>

In order to survive a motion to dismiss for failure to state a claim, a complaint must set forth enough facts to state a claim for relief that is plausible on its face.  A Court need not permit an attempt to amend a complaint if, as here, it determines that the pleading could not possibly be cured by allegations of other facts.  <u>Albrecht v. Lund</u>, 845 F.2d 193, 195-196 (9th Cir. 1988) (no liability as a matter of law); <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367, 373 (9th Cir. 1990) (amendment futile).  Accordingly, the Complaint as to Trustee Corps should be dismissed *without leave to amend*.

Dated: April 1, 2014                    BURKE, WILLIAMS & SORENSEN, LLP


By: <u>/s/ *Richard J. Reynolds*</u>
         Richard J. Reynolds
         Fabio R. Cabezas
         Attorneys for Defendant
         MTC FINANCIAL INC. dba TRUSTEE
         CORPS

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4840-5394-5626 v1                    - 20 -                    MEMORANDUM OF POINTS AND
AUTHORITIES 1:14-CV-00496-AWI-JLT

**CERTIFICATE OF SERVICE**

1

2          Pursuant to L.R. 135, I certify that I am an employee of BURKE, WILLIAMS &

3    SORENSEN, LLP, and that on April 1, 2013, I caused to be served a true copy of the

4    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT**

5    **MTC FINANCIAL INC. DBA TRUSTEE CORPS' MOTION TO DISMISS COMPLAINT**

6    **AND CLAIMS MADE AGAINST DEFENDANT  MTC FINANCIAL INC. dba TRUSTEE**

7    **CORPS** addressed to all parties and counsel as identified on the Court-generated Notice of

8    Electronic Filing; all counsel being registered to receive CM/ECF Electronic Filing as follows:

9          • **Lauren Elizabeth Frawley Misajon**

10             lmisajon@houser-law.com,tsinger@houser-law.com

11         • **Richard J. Reynolds**

12             rreynolds@bwslaw.com,psoeffner@bwslaw.com,dwetters@bwslaw.com,mslobodi

13             en@bwslaw.com,fcabezas@bwslaw.com

14         I further certify that some of the participants in the case are not registered CM/ECF users

15   and that I caused to be serviced a true copy of the **MEMORANDUM OF POINTS AND**

16   **AUTHORITIES IN SUPPORT OF DEFENDANT MTC FINANCIAL INC. DBA**

17   **TRUSTEE CORPS' MOTION TO DISMISS COMPLAINT AND CLAIMS MADE**

18   **AGAINST DEFENDANT  MTC FINANCIAL INC. dba TRUSTEE CORPS** by placing the

19   document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United

20   States mail at Santa Ana, California addressed as set forth below:

21   Armine Singh, NCAED
     Prime Law Group, APC
22   101 N. Brand Boulevard
     PH 1920
23   Glendale, CA 91203

24

25

26                          _____
                                   Patti Soeffner
27

28

IRV #4850-9708-2394 v1

CERTIFICATE OF SERVICE