1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   XOCHITL VIVANCO DUENAS,            )  Case No.: 1:14-cv-00406 - AWI - JLT
                                        )
12                Plaintiff,            )  ORDER VACATING THE HEARING DATE OF
                                        )  JULY 21, 2014
13          v.                          )
                                        )
14   OCWEN LOAN SERVICING, LLC; MTC     )  ORDER DENYING PLAINTIFF'S MOTION TO
     FINANCIAL, INC.; and FEDERAL HOME  )  CONSOLIDATE CASES
15   LOAN MORTGAGE CORPORATION,         )
                                        )  (Docs. 30, 31)
16                Defendants.           )
     _____)

17

18          Plaintiff Xochitl Vivanco Duenas ("Plaintiff") seeks to consolidate this matter with *Federal*

19   *Home Mortgage Corporation v. Xochitl Vivanco Duenas*, Kern County Superior Court Case No. S-

20   1500-CL-28252.  (Docs. 30-31.)  Ocwen Loan Servicing, LLC and Federal Home Loan Mortgage

21   Corporation (collectively, "Defendants") filed their opposition to the motion on July 7, 2014. (Doc. 34)

22          The Court finds the matter suitable for decision without oral argument.  Accordingly, the matter

23   is taken under submission pursuant to Local Rule 230(g), and the hearing date of July 21, 2014 is

24   **VACATED**.  For the following reasons, Plaintiff's motion to consolidate the actions is **DENIED**.

25   **I.      Factual and Procedural History**

26          Plaintiff financed the real property commonly known as 810 Houchin Rd. Bakersfield, CA

27   93304 ("the Property") in 2007.  (Doc. 31 at 3; Doc. 34 at 2.)  Plaintiff executed a Deed of Trust for

28   the Property on July 11, 2007, which identified Plaintiff as the borrower; Indymac Bank, FSB, as the

                                          1

lender; and First American Title Insurance Company as the lender.[1]  (*See* Doc. 35-1 at 2.) The Deed of Trust was recorded in the Kern County Recorder's Office on July 20, 2007.  (*Id*.)

A Notice of Default was recorded on June 24, 2009.  (Doc. 35-1 at 24-25.)  Plaintiff alleges she obtained a Home Affordable Modification Program ("HAMP") loan modification on December 12, 2009.  (Doc. 1-1 at 10, ¶ 19.)  A Rescission of the Notice of Default was recorded on January 14, 2010. (Doc. 34 at 3.)

Plaintiff defaulted on the loan, and a Notice of Default and Election to Sell Under Deed of Trust was recorded on July 29, 2013.  (Doc. 35-1 at 27.)  Plaintiff's loan was transferred to Ocwen Loan Servicing in August 2013.  (Doc. 1-1 at 11, ¶ 21.)  Plaintiff alleges that she "attempted to make the modified payment" with Ocwen, which instructed her "to remain in default on the loan if Plaintiff wanted to obtain a modification."  (*Id.*)

On December 4, 2013, a Notice of Trustee's Sale was recorded with a sale date of December 30, 2013.  (Doc. 35-1 at 33.)  The Trustee's Deed Upon Sale recorded on January 31, 2014 indicates that a foreclosure sale on the Property was completed on December 30, 2013.  (*Id.* at 39-40.) The Deed of Trust was assigned from Ocwen Loan Servicing, LLC to Federal Home Loan Mortgage Corporation ("Freddie Mac") on January 31, 2014.  (*Id.* at 37.)  The Property reverted to Freddie Mac at the

---

[1] Defendants request that the Court take judicial notice of the complaints filed in *Federal Home Mortgage Corp. v. Duenas*, Kern County Superior Court Case No. S-1500-CL-28252 and *Duenas v. Ocwen Loan Servicing*, which is the matter now pending before the Court. The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The accuracy of a court's records cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).  Therefore, judicial notice is taken of the complaints identified.

In addition, Defendants request that the Court take judicial notice of the Deed of Trust; the Assignment of Trust; the Notice of Default recorded on June 24, 2009; the Notice of Default recorded on July 29, 2013; the Assignment of Deed of Trust recorded on October 23, 2013; the Notice of Trustee's Sale recorded December 4, 2013; and the Trustee's Deed Upon Sale recorded on January 31, 2014. (*See* Doc. 35 at 2-3.) Judicial notice may be taken of material incorporated by reference into the complaint without converting the motion into a motion for summary judgment.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Intri-Plex Technologies v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).  Documents are incorporated into the complaint by reference "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement*, 593 F.3d at 1038; *see also United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). Each of the recorded documents are incorporated into Plaintiff's complaint by reference, and the recorded documents are matters of public record that certified and maintained by the Kern County Recorder's Office.  Accordingly, Defendants' request for judicial notice is **GRANTED**.

1  foreclosure sale.  (*Id.* at 38-39.)

2        On January 8, 2014, Plaintiff initiated this action by filing a complaint in Kern County Superior

3  Court, Case No. S-1500-CV-281048.  Plaintiff raised the following causes of action against Defendants:

4  (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) promissory

5  estoppel, (4) violation of Cal. Civ. Code § 2937, (5) violation of Cal. Civ. Code §§ 2923.6 and 2923.7,

6  (6) negligence, (7) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, (8) to set

7  aside Trustee's Sale, (9) to cancel the Trustee's Deed, and (10) quiet title.  (*See* Doc. 1-1 at 6.)

8  Defendants removed the action to this Court on March 21, 2014, thereby initiating the matter before

9  this Court.  (Doc. 1.)

10        On May 22, 2014, Freddie Mac filed a complaint for unlawful detainer in Kern County Superior

11  Court, Case No. S-1500-CL-28252.  (Doc. 35-1 at 114.)  Plaintiff seeks to consolidate the state court

12  action with the federal court action, arguing that she is challenging the underlying foreclosure in the

13  federal court, and if "the Unlawful Detainer proceedings are not stayed, Plaintiff will effectively be

14  denied her remedy at law to quiet title to the Subject Property."  (Doc. 31 at 6.)

15  **II.    Consolidation**

16        Plaintiff seeks consolidation of the actions "pursuant to the provisions of Federal Rule 42."

17  (Doc. 31 at 2.)  Pursuant to Fed. R. Civ. P. 42, "If actions before the court involve a common question

18  of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2)

19  consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Importantly,

20  to be consolidated, the matters must both be pending before the Court.  Here, however, only one

21  matter is in the District Court, while the other remains in Kern County Superior Court.  Consolidation

22  under Rule 42 is therefore not appropriate.

23  **III.    Removal**

24        To the extent that Plaintiff's motion for consolidation may be construed as a request for

25  removal, it appears that any such removal would be improper.  A party seeking removal bears the

26  burden of proving its propriety.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v.*

27  *Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*,

28  2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the

1    statute").  If there is any doubt as to the right of removal, "federal jurisdiction must be rejected."

2    *Duncan*, 76 F.3d at 1485.

3         The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint

4    rule,' which provides that federal jurisdiction exists only when a federal question is presented on the

5    face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392

6    (1987).  Therefore, the complaint must establish "either that [1] federal law creates the cause of action

7    or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of

8    federal law."  *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold &*

9    *Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers*

10   *Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

11        The only cause of action identified by Freddie Mac in its complaint is unlawful detainer.  (*See*

12   Doc. 35-1 at 114).  Significantly, an unlawful detainer action does not arise under federal law, but

13   arises instead under state law.  *See Wells Fargo Bank, N.A. v. Robinson,* 2014 U.S. Dist. LEXIS 85399,

14   at * 3 (E.D. Cal. June 23, 2014) (noting an unlawful detainer action "is based wholly on California

15   law"); *Colline v. Alexander*, 2014 U.S. Dist. LEXIS 76313, at *5 (E.D. Cal. June 2, 2014) (explaining

16   that the district court "has no jurisdiction over unlawful detainer actions, which are brought pursuant to

17   state law and fall strictly within the province of the state court"); *Deutsche Bank Nat'l Trust Co v.*

18   *Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a

19   claim for unlawful detainer, a cause of action that is purely a matter of state law").

20        Plaintiff argues that the unlawful detainer action, if allowed to proceed, would thwart the ability

21   to quiet title; exactly why she thinks so, is not explained.  An unlawful detainer action determines only

22   whether Plaintiff will remain in possession of the property; it does not determine whether Freddie Mac

23   may transfer title to the property whether Plaintiff remains in physical possession of the property.

24   Thus, the Court is unconvinced—even if it had jurisdiction over the unlawful detainer action action—

25   that the state court action bears any relation to the claims raised in this matter.

26        Because the only claim appearing on the face of the complaint is unlawful detainer, Freddie

27   Mac has not raised a claim that invokes federal subject matter jurisdiction and Plaintiff has not shown

28   removal of the action is proper.

## IV.     The Anti-Injunction Act

Plaintiff also seeks to have this Court stay the unlawful detainer proceedings in the state court. (Doc. 31 at 6.)  The Ninth Circuit explained that under the Anti-Injunction Act, federal intervention in state court actions is barred "in all but the narrowest of circumstances." *Sandpiper Vill. Condo. Assoc., Inc. v. Louisiana-Pac. Corp.*, 428 F.3d 831, 842 (9th Cir. 2005).  Specifically, the Anti-Injunction Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.   Because the statute "rests on the fundamental constitutional independence of the States," the court must construe the three exceptions narrowly. *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 294-95 (1970); *see also Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008).  A party seeking an injunction "must make a strong and unequivocal showing" that an exception applies "to overcome the federal courts' proper disinclination to intermeddle in state court proceedings." *Bechtel Petroleum, Inc. v. Webster*, 796 F.2d 252, 253-54 (9th Cir.1986) (quoting *Southern California Petroleum Corp. v. Harper*, 273 F.2d 715, 719 (5th Cir. 1960)).

Here, Plaintiff has failed to meet her burden of showing that federal intervention in the state court action is appropriate.  First of all, [t]here is no federal statute authorizing a district court to enjoin a state unlawful detainer action." *Scherbenske v. Wachovia Mortgage, FSB*, 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009).  The second exception "applies to in rem proceedings where the federal court has jurisdiction over the res and the state court proceedings might interfere with that." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008).  It does permit the Court to "interfere[] with parallel in personam state actions merely because the state courts might reach a conclusion before the district court does." *Id.*  Importantly, the a challenge to foreclosure proceedings is an in personam action, and the federal court does not have jurisdiction over the property at issue. *See, e.g. Le v. 1st Nat'l Lending Servs.*, 2013 WL 2555556, at *2 (N.D. Cal. June 7, 2013); *Carrasco v. HSBC Bank USA, N.A.,* , 2012 WL 646251, at *4 (N.D. Cal. Feb. 28, 2012).  As Plaintiff recognizes, "the summary nature the Unlawful Detainer proceedings does not concern itself with title issues," and

1    the title issues raised by Plaintiff in her complaint "are irrelevant in the Unlawful Detainer proceeding."

2    (*See* Doc. 31 at 9.)  Finally, the Court has not issued any judgments in this action.

3           Because Plaintiff has not shown any of the three limited exceptions to the Anti-Injunction Act

4    are applicable, the Court may not state the state court proceedings.  *See Rios v. Bank of N.Y. Mellon ex*

5    *rel. CWABS Inc.,* 2014 U.S. Dist. LEXIS 1176, at *8-9 (C.D. Cal. Jan. 2, 2014) (denying the plaintiff's

6    request to enjoin the defendants from further unlawful detainer actions where the proceedings were

7    ongoing in the start court because "the requested relief runs afoul of the Anti-Injunction Act").

8    **V.        Conclusion and Order**

9           Based upon the foregoing, **IT IS HEREBY ORDERED**:

10          1.      Plaintiff's motion to consolidate the actions is **DENIED**; and

11          2.      Plaintiff's request that this Court stay the unlawful detainer proceedings is **DENIED**.

12

13   IT IS SO ORDERED.

14       Dated:   __July 16, 2014__                      _____/s/ **Jennifer L. Thurston**

15                                                       UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28